IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAYONNA WILKINS,

    Plaintiff,                                        Case No.: 8:25-cv-01110

v.

MID-ATLANTIC FINANCE
COMPANY, INC.,

    Defendant.
_____/

## MID-ATLANTIC FINANCE CO., INC.'S MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW

COMES NOW, Defendant MID-ATLANTIC FINANCE COMPANY, INC. ("MAF") by and through its undersigned counsel, and pursuant to pursuant to Rule 12(b)(6), Fed. R. Civ. Pro., and respectfully requests this Honorable Court dismiss Count II of Plaintiff's Complaint ("Doc. 1), with prejudice, (Doc. 1) for failure to state a cause of action and in support hereof MAF states as follows:

### INTRODUCTION

Plaintiff filed a two-count complaint against MAF asserting in Count II, a purported cause of action for Violations of the Ohio Consumer Sales Practices

Act.[1]  MAF is not an auto dealership.  It did not sell the vehicle that was purchased by Plaintiff.  It merely financed same.  MAF did not make any representations to the Plaintiff related to the vehicle nor did it manipulate the understanding of the Plaintiff as to the transaction.  Plaintiff doesn't even allege same.  Instead, Plaintiff alleges that MAF contacted Plaintiff to collect a debt – which is admittedly owed to MAF – and that somehow the collection of a debt that is rightfully owed violates the Ohio Consumer Sales Practices Act.  It doesn't nor do the allegations asserted in support of same rise to the level of stating a cause of action against MAF for same.

Since the allegations asserted against MAF in Count II fail to state a cause of action, Count II shall be properly dismissed, with prejudice.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

---

[1] Although Count I is denied, as MAF did not, in any way, violate the Telephone Consumer Protection Act, it appears there are enough allegations to state a claim.  MAF respectfully requests an enlargement of time to respond to Count I, if necessary, until such time as a ruling is made on this Motion so that a cohesive response can be filed.

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A pleading that offers "labels and conclusions" or "a formulaic recitations of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Now does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.

To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

In general, the Ohio Consumer Sales Practices Act (OCSPA) defines unfair or deceptive consumer sales practices as those that mislead consumers about the nature of the product they are receiving, while unconscionable acts or

practices relate to a supplier manipulating a consumer's understanding of the nature of the transaction at issue. *McKinney v. Bayer Corp.*, 744 F. Supp.2d 733 (N.D. Ohio 2010). *See Szep v. General Motors LLC*, 491 F.Supp. 3d 280 (N.D. Ohio 2020) (Under OCSPA, unfair or deceptive consumer sales practices are defined as those that mislead consumers about the nature of the product they are receiving, while unconscionable acts or practices relate to a supplier manipulating a consumer's understanding of the nature of the transaction at issue. Ohio Rev. Code Ann. § 1345.02.); *See also Barrett-O'Neil v. Lalo, LLC*, 171 F.Supp. 3d 725 (S.D. Ohio 2016) (In considering whether an act or practice is unconscionable within the meaning of Ohio's consumer protection law, a court's focus must be on whether the consumer lacks the physical or mental ability to protect himself or herself. Section 1345.03.); *See also Risner v. Regal Marine Industries, Inc.*, 8 F.Supp. 3d 959 (S.D. Ohio 2014) (In order to prevail on a claim under the Ohio Consumer Sales Practice Act (CSPA), plaintiff must establish that a material misrepresentation, deceptive act or omission impacted his decision to purchase the item at issue. Ohio R.C. § 1345.01.); *See also Reeves v. PharamaJet, Inc.*, 846 F.Supp. 2d 791 (N.D. Ohio 2012) (To establish a prima facie claim under the Ohio Consumer Sales Practices Act (CSPA), a plaintiff must show a material misrepresentation, deceptive act or omission that

impacted his decision to purchase the item at issue. Ohio R.C. § 1345.01 et seq.).

Here, MAF, the entity that financed the transaction, did not mislead or make any representations to the consumer regarding the product they were receiving nor are there unconscionable acts or any allegations that MAF manipulated a consumer's understanding of the nature of the transaction at issue. The Plaintiff has failed to include any allegations showing it lacked the physical or mental ability to understand the terms of the transaction. Further, it is the Plaintiff's burden to establish a misrepresentation, deceptive act, or omission that impacted there decision in moving forward with the transaction, which they have failed to do. Plaintiff only asserts that MAF has attempted to collect a debt that is owed. Such allegations fall woefully short to state a cause of action for violation of the Ohio Consumer Sales Practices Act.

WHEREFORE, Defendant, Mid-Atlantic Finance Co., Inc., respectfully requests this Honorable Court dismiss Count II of the Complaint (Doc. 1), with prejudice, and grant such other relief as this Honorable Court deems proper and just.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned Counsel certifies, pursuant to Local Rule 3.01(g) that she has conferred with Plaintiff's Counsel who Opposed this Motion.

Respectfully submitted this 19th day of June 2025.

                                                ENGLANDER FISCHER

                                                */s/ Joelle Bordeaux*
                                                JOELLE BORDEAUX
                                                Florida Bar No. 0048204
                                                Primary: jbordeaux@eflegal.com
                                                Secondary: lhowe@eflegal.com
                                                Tertiary: irevollo@eflegal.com
                                                **ENGLANDER FISCHER**
                                                721 First Avenue North
                                                St. Petersburg, Florida 33701
                                                Tel: (727) 898-7210 /Fax: (727) 898-7218
                                                *Lead Counsel for Defendant Mid-Atlantic Finance Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certified that on the date referenced above, I served a copy of the foregoing via the Court's CM/ECF system which will serve all counsel of record.

                                                /s/ *Joelle Bordeaux*