UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAYONNA WILKINS,

     Plaintiff,                            Case No. 8:25-cv-01110

v.

MID ATLANTIC FINANCE
COMPANY, INC.,

     Defendant.

                                           /

## FIRST AMENDED COMPLAINT

**NOW COMES** Plaintiff DAYONNA WILKINS ("Plaintiff"), by and through the undersigned, complains as to the conduct of MID ATLANTIC FINANCE COMPANY, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Telephone Consumer Protection Act, ("TCPA"), pursuant to 47 U.S.C. § 227 *et seq.* and the Ohio Consumer Sales Practices Act ("OCSPA"), pursuant to OH. Rev. Code § 1345.01 *et seq.*, for Defendant's unlawful conduct.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th

Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.     As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

### JURISDICTION AND VENUE

4.     This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

5.     Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

### PARTIES

7.     Plaintiff is a natural person over 18 years of age and, at all times relevant, resided within Cleveland, Ohio.

8.     Defendant is a non-prime financial services lender specializing in acquiring and servicing loan pools, primarily in the automotive industry. Defendant's principal place of business is located at 4592 Ulmerton Road, Suite 200, Clearwater, FL 33762.

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

10.    Prior to events giving rise to this action, Plaintiff obtained an auto loan from Defendant.

11.    At all times relevant, Plaintiff's number ending in 6286 was assigned to a cellular telephone service.

12.    At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

13.    Due to financial hardship, Plaintiff was unable to sustain timely monthly payments to Defendant, incurring a debt of approximately $3,500 ("subject debt").

14.    In February 2025, Defendant began placing persistent and intrusive pre-recorded collection calls to Plaintiff's cellular telephone number (216) XXX-5839, attempting to collect on the subject debt.

15.    In around February 2025, after receiving a collection call, Plaintiff spoke with Defendant and explicitly communicated to cease calls.

16.    Despite Plaintiff's request to cease its collection calls, Defendant continued its relentless pursuit, causing significant distress and disruption to Plaintiff's daily life and workflow.

17.    Defendant placed its harassing collections calls to Plaintiff from the phone numbers (727) 500-2331; (727) 349-4556; and (727) 500-2331. Upon information and belief, Defendant used pre-recorded messages and additional numbers to contact Plaintiff's cellular phone.

18.    Defendant placed numerous collection calls to Plaintiff's cellular phone using a pre-recorded message.

19.    Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling her phone with such frequency as can be reasonably be expected to harass.

20.    Despite Plaintiff notifying Defendant that its collection calls are unwelcome, Defendant continued to place excessive calls to Plaintiff's cellular phone using a pre-recorded message.

21.    From February 2025 through the present, Defendant received numerous amounts of pre-recorded calls from Defendant.

22.    Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding her rights, regarding the harassing attacks and unfair practices by Defendant.

23.    Defendant's actions have caused severe emotional distress due to the aggressive and threatening behavior of Defendant and the constant harassment Plaintiff was required to endure.

24.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25.     Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's unfair practice.

### COUNT I– VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26.     Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

27.     Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone numbers using an automatic telephone dialing system ("ATDS") or an artificial or pre-recorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

28.     As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on her cellular telephone.

29.     Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, and the pre-recorded messages used by Defendant, Defendant used pre-recorded voice technology to place calls to Plaintiff's cellular phone.

30.     Upon information and belief, the pre-recorded voice technology employed by Defendant play a pre-recorded message once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

31.     As pled above, Plaintiff never provided her cellular phone numbers to Defendant and therefore Defendant never had consent to place calls to Plaintiff's cellular phone numbers.

32.     As pled above, Plaintiff was severely harmed by Defendant's unauthorized calls to her cellular phone using pre-recorded voice technology.

33.     Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phone.

34.    Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

35.    Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

36.    Upon information and belief, Defendant knew its collection practices violated the TCPA yet continued to employ them in order to maximize efficiency and revenue.

37.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

38.    As a result of Defendant's knowing and willful violations of 47 U.S.C. § 227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, DAYONNA WILKINS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.    An order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

b.    An award of $500.00 in damages to Plaintiff;

c.    An award of treble damages up to $1,500.00 to Plaintiff; and

d.    An award of such other relief as this Honorable Court deems just and proper.

**COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT**

39.     Plaintiff is a "person" as defined by OH. Rev. Code § 1345.01(B).

40.     Defendant is a "person" and "supplier" as defined by OH. Rev. Code §§ 1345.01(B) and (C).

41.     Plaintiff and Defendant engaged in a "consumer transaction" as defined by OH. Rev. Code § 1345.01(A).

42.     Pursuant to OH. Rev. Code § 1345.02(A), "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

43.     Defendant violated OH. Rev. Code § 1345.02(A), by engaging in unfair practices that were designed to intimidate and instill fear into Plaintiff by calling her at all hours of the day and at an excessive rate demanding payment on the subject debt.

44.     Pursuant to OH. Rev. Code §§ 1345.03(A) and (B), "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

45.     Defendant violated OH. Rev. Code §§ 1345.03(A) and (B) it was an unconscionable act and practice to harass Plaintiff into making a payment though intimidating tactics by calling her numerous times a week, even after Plaintiff requested for calls to cease. These tactics are used to harass and embarrass Plaintiff into submission.

46.    As alleged above, Plaintiff was severely harmed by Defendant's actions and inaction.

**WHEREFORE**, Plaintiff, DAYONNA WILKINS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.    Enjoin Defendant for further communicating with Plaintiff;

c.    Awarding Plaintiff actual and punitive damages, in an amount to be determined at evidentiary hearing, for the underlying violations pursuant to OH. Rev. Code § 1345.09;

d.    Awarding Plaintiff costs and reasonable attorney fees pursuant to OH. Rev. Code § 1345.09; and

e.    Awarding any other relief as the Arbitrator deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: July 11, 2025                                Respectfully Submitted,

                                                                */s/  Alexander J. Taylor*
                                                                Alexander J. Taylor, Esq.
                                                                Florida Bar No. 1013947

*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Fax: (630) 575-8188
ataylor@sulaimanlaw.com