IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAYONNA WILKINS,

    Plaintiff,                                       Case No.: 8:25-cv-01110

v.

MID-ATLANTIC FINANCE
COMPANY, INC.,

    Defendant.
_____/

## MID-ATLANTIC FINANCE CO., INC.'S MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW

COMES NOW, Defendant MID-ATLANTIC FIANANCE COMPANY, INC. ("MAF") by and through its undersigned counsel, and pursuant to pursuant to Rule 12(b)(6), Fed. R. Civ. Pro., and respectfully requests this Honorable Court dismiss Plaintiff's Amended Complaint ("Doc. 20), with prejudice, for failure to state a cause of action and in support hereof MAF states as follows:

### INTRODUCTION

Plaintiff filed a two-count amended complaint against MAF asserting in Count I, a purported cause of action for alleged violations of the TCPA and in Count II, a purported cause of action for Violations of the Ohio Consumer Sales Practices Act.

As an initial matter, this Honorable Court, in Doc. 18, ordered Plaintiff to amend its initial Complaint (Doc. 1) as it was an improper shotgun pleading. Doc. 18.  The allegations incorporating all prior paragraphs were removed from the initial Complaint (¶¶ 26 and 40 of Doc. 1).  However, nothing new was added to incorporate any factual allegations.   Now, each cause of action is a bare set of legal assertions without any facts to support same and, for that reason alone, Counts I and II are properly dismissed.  *Ashcroft v. Iqbal*, 556 U.S. 662 (Fla. 2009)(Pleadings that offer labels and conclusions or formulaic recitation of elements of cause of action will not do, nor does complaint suffice it if tenders naked assertions devoice of further factual enhancement citing to Fla. R. Civ. P. 8(a)(2)).

Further, the Court provided Plaintiff time to consider and address. . . any issues raised by Defendant's Motion (Doc. 14).  Plaintiff failed to do same.

MAF is not an auto dealership.  It did not sell the vehicle that was purchased by Plaintiff.  It merely financed same.  MAF did not make any representations to the Plaintiff related to the vehicle nor did it manipulate the understanding of the Plaintiff as to the transaction.  Plaintiff doesn't even allege same. Instead, Plaintiff alleges that MAF contacted Plaintiff to collect a debt – which is admittedly owed to MAF – and that somehow the collection of a debt that is rightfully owed violates the Ohio Consumer Sales Practices Act.   It

doesn't nor do the allegations asserted in support of same rise to the level of stating a cause of action against MAF for same.

Since the allegations asserted against MAF in Count II fail to state a cause of action, Count II shall be properly dismissed, with prejudice.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A pleading that offers "labels and conclusions" or "a formulaic recitations of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Now does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.

To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

Although Plaintiff includes a section named "Facts Supporting Cause of Action," it fails to incorporate same into each of the causes of action which renders the Amended Complaint fatal.  Even if the allegations are properly read into Count I without incorporation, they cannot be properly read into Count II without an incorporation into same.  Without such an assertion, MAF is left sifting through the allegations to attempt to determine which of same are properly read with Count II.  Regardless, even taking into account the factual allegations, if properly incorporated, they still fall woefully short of stating a cause of action.

In general, the Ohio Consumer Sales Practices Act (OCSPA) defines unfair or deceptive consumer sales practices as those that mislead consumers about the nature of the product they are receiving, while unconscionable acts or practices relate to a supplier manipulating a consumer's understanding of the nature of the transaction at issue. *McKinney v. Bayer Corp.*, 744 F. Supp.2d 733

(N.D. Ohio 2010). *See Szep v. General Motors LLC*, 491 F.Supp. 3d 280 (N.D. Ohio 2020) (Under OCSPA, unfair or deceptive consumer sales practices are defined as those that mislead consumers about the nature of the product they are receiving, while unconscionable acts or practices relate to a supplier manipulating a consumer's understanding of the nature of the transaction at issue. Ohio Rev. Code Ann. § 1345.02.); *See also Barrett-O'Neil v. Lalo, LLC*, 171 F.Supp. 3d 725 (S.D. Ohio 2016) (In considering whether an act or practice is unconscionable within the meaning of Ohio's consumer protection law, a court's focus must be on whether the consumer lacks the physical or mental ability to protect himself or herself. Section 1345.03.); *See also Risner v. Regal Marine Industries, Inc.*, 8 F.Supp. 3d 959 (S.D. Ohio 2014) (In order to prevail on a claim under the Ohio Consumer Sales Practice Act (CSPA), plaintiff must establish that a material misrepresentation, deceptive act or omission impacted his decision to purchase the item at issue. Ohio R.C. § 1345.01.); *See also Reeves v. PharamaJet, Inc.*, 846 F.Supp. 2d 791 (N.D. Ohio 2012) (To establish a prima facie claim under the Ohio Consumer Sales Practices Act (CSPA), a plaintiff must show a material misrepresentation, deceptive act or omission that impacted his decision to purchase the item at issue. Ohio R.C. § 1345.01 et seq.).

Here, MAF, the entity that financed the transaction, did not mislead or make any representations to the consumer regarding the product they were receiving nor are there unconscionable acts or any allegations that MAF manipulated a consumer's understanding of the nature of the transaction at issue. The Plaintiff has failed to include any allegations showing it lacked the physical or mental ability to understand the terms of the transaction. Further, it is the Plaintiff's burden to establish a misrepresentation, deceptive act, or omission that impacted their decision in moving forward with the transaction, which they failed to do. Plaintiff only asserts that MAF attempted to collect a debt that is owed. Even if such allegations were properly incorporated into the cause of action, they still fall woefully short to state a cause of action for violation of the Ohio Consumer Sales Practices Act.

WHEREFORE, Defendant, Mid-Atlantic Finance Co., Inc., respectfully requests this Honorable Court Dismiss the Amended Complaint (Doc. 20), with prejudice, and grant such other relief as this Honorable Court deems proper and just.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned Counsel certifies, pursuant to Local Rule 3.01(g) that she has conferred with Plaintiff's Counsel who Opposed this Motion.

Respectfully submitted this 25th day of July 2025.

> ENGLANDER FISCHER
>
> */s/ Joelle Bordeaux*
> JOELLE BORDEAUX
> Florida Bar No. 0048204
> Primary: jbordeaux@eflegal.com
> Secondary: irevollo@eflegal.com
> Tertiary: lhowe@eflegal.com
> **ENGLANDER FISCHER**
> 721 First Avenue North
> St. Petersburg, Florida 33701
> Tel: (727) 898-7210 /Fax: (727) 898-7218
> *Lead Counsel for Defendant Mid-Atlantic Finance Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the date referenced above, I served a copy of the foregoing via the Court's CM/ECF system which will serve all counsel of record.

> */s/ Joelle Bordeaux*